UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
JOHN J. FIERO & FIERO BROTHERS, INC.,

        Plaintiffs,

-against-

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC.,

        Defendant.
-----------------------------------------------------------

**08 CV 1298**

Docket No.

**COMPLAINT**



Plaintiffs John J. Fiero ("Fiero") and Fiero Brothers, Inc. (Fiero Brothers") (collectively, the "Fieros"), by and through their attorneys, Gusrae, Kaplan, Bruno & Nusbaum PLLC, complaining of the defendant Financial Industry Regulatory Authority, Inc. ("FINRA"), alleges:

### Preliminary Statement

1. This action arises out of FINRA's claim against the Fieros, jointly and severally, for $1,010,809.25, with interest from October 28, 2002 (the "FINRA Claim").

2. FINRA was formerly known as the National Association of Securities Dealers, Inc. ("NASD")

3. The NASD filed a novel action in New York state court seeking recovery on a disciplinary award and had obtained a judgment (since ordered vacated by the New York Court of Appeals) against the Fieros, entered with the New York County Clerk on June 1, 2006, against the Fieros in the amount of $1,329,724.54 (the "Judgment").

4. For over 65 years since its registration in 1939 with the United States Securities and Exchange Commission ("SEC") as a self-regulatory organization, until just recently, the NASD has never brought a court action to recover a disciplinary fine.

5. On February 7, 2008, the New York Court of Appeals reversed the order which had affirmed the Judgment, and dismissed NASD's complaint with costs, on the ground that the state court lacked subject matter jurisdiction over the matter due to exclusive federal subject matter jurisdiction. *See* Financial Industry Regulatory Authority, Inc. v. John J. Fiero, et al., No. 2, 2008 WL 320330 (N.Y. Feb. 7, 2008).

6. By this action, the Fieros seek a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the Fieros have no legally cognizable liability on the FINRA Claim.

## Jurisdiction and Venue

7. This Court maintains original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, in that the subject matter of this suit arises from the laws of the United States. Specifically, the liability asserted by FINRA arises out of the Securities Exchange Act of 1934 ("Exchange Act"), as amended, 15 U.S.C.A. §78a, *et seq.*, and rules thereunder. Exclusive federal jurisdiction is conferred by Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

8. Venue is proper here pursuant to 28 U.S.C. § 1391(b)(2).

## The Parties

9. Fiero is a natural person.

10. Fiero Brothers is corporation organized under the laws of the State of New York.

11.     FINRA is a non-profit corporation organized under the laws of the State of Delaware.

### Factual Background

12.     During the period relevant herein, NASD/FINRA was a self-regulatory organization, whose function and responsibilities included the regulation and disciplining of registered representative, stockbrokers and other persons in the securities industry.

13.     During the relevant period, Fiero was subject to the regulations and discipline of NASD by reason of his employment and activities in the securities industry and by his execution and filing of a U-4 application dated August 15, 1990.

14.     During the relevant period, Fiero Brothers was subject to the regulations and discipline of NASD by reason of its filing of forms BD dated August 15, 1990 and March 20, 1992.

15.     In February 1998, the NASD filed a disciplinary complaint, initiating a disciplinary proceeding against the Fieros (and others) in regard to short-selling activities.

16.     A hearing panel of the NASD issued a decision dated December 6, 2000, expelling Fiero Brothers from NASD membership, barring Fiero from association with any member firm in any capacity, and fining both Fiero and Fiero Brothers $1 million (jointly and severally), and ordering them to pay costs (jointly and severally) in the amount of $1,010,809.25.

17.     The Fieros appealed within the NASD disciplinary structure to the NASD National Adjudicatory Council ("NAC").

18.     The NAC issued a decision (the "NAC Decision") on October 28, 2002, affirming the Hearing Panel decision, and issuing the identical sanctions.

19. The NAC Decision was transmitted to the Fieros on the date it issued.

20. FINRA has taken the position that the fines imposed by the NAC Decision were due 45 days thereafter, *i.e.*, on December 12, 2002.

21. The Fieros did not further appeal the NAC Decision to the SEC.

22. On December 22, 2003, more than a year after the NAC Decision, and more than a year after the monetary fine imposed would otherwise have been due, the NASD filed suit in New York State Supreme Court, New York County, seeking to obtain a judgment against the Fieros on the monetary portion of the NAC disciplinary determination.

23. Through that effort, the NASD obtained the Judgment.

24. The Fieros appealed the Judgment to the Appellate Division, First Department, which affirmed.

25. Upon the Fieros' application, which the NASD opposed, the New York Court of Appeals granted leave to appeal.

26. As stated above, the New York Court of Appeals reversed, and dismissed the NASD's complaint with costs, due to federal preemption.

27. The Fieros had also argued at the New York Court of Appeals that the NASD's action to recover a money judgment on the NAC Decision is time-barred, in that the NASD proceedings were essentially arbitration (private dispute resolution), and that any claim by the NASD is barred by the one-year limitations period of Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and of CPLR § 215(5).

28. The Fieros further argued that the NASD does not have the authority to judicially enforce the disciplinary determination because the NASD has not been given

4

collection authority by the SEC; the NASD by-laws and rules do not provide for collection of sanctions; the NASD Manual provides that disciplinary procedures are not designed to recover damages or obtain relief for a party; the underlying NAC Decision recited the repercussions for nonpayment without mentioning judgment or collection; the NASD did not traditionally seek to enforce collection of fines until the member sought reinstatement; under case law the right to impose a fine does not *per se* grant a right to collect; a membership association cannot recover an assessment that the association itself determined in an arbitrary or unliquidated amount; there was no meeting of minds that the "contract" upon which the NASD relies included the right to collect fines; the NASD's historical policies equitably estop its collection attempt; and the NASD has no actual damages.

### As and for a First Claim for Relief
### For Declaratory Judgment

29. The Fieros therefore seek declaratory judgment that FINRA is time-barred from pursuing the FINRA Claim against the Fieros.

30. Alternatively, the Fieros seek declaratory judgment that FINRA has no authority to obtain a money judgment based on the FINRA Claim.

WHEREFORE, the Fieros respectfully request that a judgment be entered in their favor and against FINRA declaring that the FINRA Claim is time-barred and/or otherwise not assertable by FINRA against the Fieros, together with costs and reasonable

expenses, and such other and further relief the Court deems just and equitable.

Dated: New York, New York
      February 8, 2008

                                    GUSRAE, KAPLAN, BRUNO &
                                    NUSBAUM PLLC

                                    By: _____
                                      Brian D. Graifman (BG 5636)
                                      *Attorneys for the Plaintiffs*
                                      120 Wall Street
                                      New York, NY 10005
                                      212-269-1400

Ficro\bg3031